JANVIER, Judge.
This is a suit on a promissory note which the defendant denies having executed. It is alleged that the note was executed by several other persons along with defendant but she alone is made defendant.
The plaintiff is an attorney at law. The defendant is an illiterate, aged colored woman. A dispute arose among the members of the religious congregation to which defendant belongs concerning the election of a pastor, and defendant and other members who agreed with her, -thought it advisable to engage an attorney to prevent the antagonistic group from carrying out its program. Defendant was ill at home and a meeting was called there for the purpose of having plaintiff advise them so that they might take such legal action as might be agreed upon. It is possible that there were two conferences but whether one of two were held is of no importance.
Plaintiff presented to those members of the congregation who desired court action a petition for their signatures or marks and for their verification. It was at one of these conferences at the home of the defendant, Mary Johnson, that, according to plaintiff, the note sued on was executed.
Of those who are said by plaintiff to have executed the note, seven are said to have affixed their signatures and four are said to have executed the document by touching the pen when their marks were made. Defendant is said by plaintiff to have been among those who executed the document by making their marks. Defendant says that at no time did she make her mark nor touch the pen, nor do' anything else that could be construed as executing the note sued on. She says that she was not told one word about the execution of the note, nor about the fact that she was making herself liable for anything.
With the exception of plaintiff himself, every other person who testified, and there were six-all present when the note is said to have been executed-all, with absolute certainty, denied that they had ever been told that they were executing a note.
The note itself is in most peculiar form. It is printed on a small slip of paper and is pasted at the top of a large piece of paper on which most of the names and marks appear.
Counsel for defendant, without mincing words, charged that the entire transaction was a fraud and that plaintiff had *513 never told the various persons concerned that they were executing a note and had prevailed upon them to sign the blank sheet of paper in the belief that they were signing the petition or were verifying it.
Counsel for defendant also charged plaintiff with being “a very avaricious practitioner.” Plaintiff admitted that he was and is “constantly” suing his clients. Counsel for defendant listed eleven suits in which plaintiff had sued his clients and plaintiff corrected him by calling attention to one more which had been omitted by counsel for defendant. At the oral argument plaintiff said that since this suit was filed he had filed three more suits for fees.
We are convinced that the record shows, beyond any possible doubt, .that the note, if it can be said to be a note, was obtained from the defendant and the others without any knowledge on their part that they were executing a note. The judge of the lower court so found and the record abundantly justifies such conclusion.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.